IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 9, 2002

## STATE OF TENNESSEE v. LARRY BROWN

**Appeal from the Criminal Court for Shelby County**
**No. 99-03269, 70, 71     Joseph B. Dailey, Judge**

---

**No. W2000-03118-CCA-R3-CD  - Filed May 14, 2002**

---

The Defendant, Larry Brown, was convicted by a Shelby County jury of theft of property with a value over $500.00 and evading arrest.  After a sentencing hearing, the trial court sentenced him to six years for the theft charge and eleven months and twenty-nine days for evading arrest.  The trial court ordered the sentences to be served consecutively.  On appeal, the Defendant contends that the evidence is insufficient to support a finding of guilt beyond a reasonable doubt.  We affirm the Defendant's conviction for evading arrest and reverse and dismiss his conviction for theft of property.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part;**
**Reversed in Part**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Tony N. Brayton, Memphis, Tennessee, for the appellant, Larry Brown.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 4, 1999, Dorena Jenkins left her car, a blue Mitsubishi Mirage, in a parking lot in Memphis.  As she walked to one of the nearby businesses, she realized that she had inadvertently left her keys in the car.  Ms. Jenkins turned around to see her car being driven off by a lightly complected black male.  A more darkly complected black male was in the passenger seat.  On September 6, Ms. Jenkins was informed by a police officer that her car was in the police impound lot.  When Ms. Jenkins went to retrieve her vehicle, she noticed a twelve-pack of beer in the back seat.

Also on September 6, the Defendant walked into a Mapco Express service station, proceeded to the beer cooler, removed five cases of beer, and stacked them on the floor. The Defendant then left the store. Keith Grandberry, the Defendant's co-defendant, entered the store, picked up the stacked cases of beer, and began to exit without paying for the beer. Tina Buggs, a Mapco employee, attempted to stop Grandberry from leaving the store while Amy Warner, another Mapco employee, yelled to a police officer she noticed outside nearby the station. Grandberry shoved Ms. Buggs to the ground and left the store. Grandberry got into the passenger's seat of a blue Mitsubishi Mirage. The Defendant was driving the Mirage.

Officer Perry Brown of the Memphis Police Department was the officer at the gas station and attempted to block the Defendant's car with his squad car before the Defendant was able to leave the premises. The Defendant swerved around the squad car and left the scene. Officer Cameron Briggs of the Memphis Police Department responded to Officer Brown's call over the police radio and began to chase the blue Mirage with his squad car's emergency equipment activated. Officer Briggs testified that the Defendant would not pull over and officers eventually forced the car to the side of the road. The Defendant was convicted of evading arrest and theft of property valued at over $500.00 for the theft of the car. He was found not guilty of robbery.

The Defendant now argues that the evidence presented at trial is insufficient to support the jury's verdict. Specifically, the Defendant contends that there is no evidence that he evaded arrest, and the record is devoid of any proof that the car the Defendant was driving was stolen. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. See Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

Tennessee Code Annotated section 39-16-603(a)(1) provides that it is unlawful for any person to intentionally flee by any means of locomotion from anyone the person knows to be a law enforcement officer if the person:
> (A) Knows the officer is attempting to arrest the person; or
> (B) Has been arrested.

A violation of this statute is a Class A misdemeanor. See Tenn. Code Ann. § 39-16-603(a)(3).

The Defendant drove from the parking lot of the gas station, narrowly avoiding a collision with a police car trying to block the Defendant's escape. The Defendant was then pursued for several miles by law enforcement vehicles with their sirens and lights activated. The Defendant's vehicle was eventually forced to the side of the road by the law enforcement vehicles. The evidence sufficiently supports the jury's finding that the Defendant evaded arrest. This issue is without merit.

The Defendant also contends that the evidence is insufficient to support his conviction for theft of property valued at above $500.00. The Defendant argues that while the State proved that Ms. Jenkins' blue Mitsubishi Mirage was stolen from her and that he was arrested driving a blue Mitsubishi Mirage, the State failed to prove that the Defendant was driving Ms. Jenkins' car or that the car the Defendant was driving was stolen.

Theft of property occurs when one knowingly obtains or exercises control over property without the owner's effective consent and with the intent to deprive the owner that property. See Tenn. Code Ann. § 39-14-103. Theft of property is a Class E felony if the value of the property obtained is more than $500.00 but less than $1,000.00. See Tenn. Code Ann. § 39-14-105(2).

Ms. Jenkins testified that her Mirage was stolen, and, two days later, she was informed that the car was in the police impound lot. Ms. Jenkins stated that she noticed a twelve-pack of beer in the back seat of her car at the impound lot. Officer Briggs testified that the Defendant was driving a Mirage when he was arrested after a brief chase. The State presented no evidence linking Ms. Jenkins' car with the car that the Defendant was driving when he was arrested. Furthermore, the State presented no evidence showing that the car driven by the Defendant was, in fact, a stolen vehicle. Ms. Jenkins' car and the car the Defendant was driving were not linked by license plate or vehicle identification number or any other identifying features. The State proved only that Ms. Jenkins' car was stolen, and the Defendant was driving a car of the same make and color when he was arrested. This proof is not sufficient to establish beyond a reasonable doubt that the Defendant knowingly obtained or exercised control over Ms. Jenkins' car without Ms. Jenkins' effective consent. See Tenn. Code Ann. § 39-14-103.

Accordingly, we must conclude that the State did not carry its burden of proof with regard to the theft charge. The State's failure to provide any evidence that the car the Defendant was driving was stolen requires the reversal of his conviction for theft of property with a value above $500.00.

**CONCLUSION**

For the foregoing reasons, we conclude that the evidence was sufficient to support the Defendant's conviction for evading arrest, but insufficient to support his conviction for theft of property. Accordingly, the Defendant's conviction for evading arrest is AFFIRMED and his conviction for theft of property is REVERSED and that charge is dismissed.

_____
DAVID H. WELLES, JUDGE